UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LON FALL,

    Plaintiff,

vs.

GENERAL MOTORS, LLC,

    Defendant.

Case No:
Hon.

_____

**GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.**
David A. Kotzian (P38308)
Gregory Jones (P75318)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001; (248) 865-0002 (Fax)
dkotzian@gmgmklaw.com
gjones@gmgmklaw.com

_____

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, LON FALL, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and for his Complaint and Demand for Trial by Jury against Defendant, states as follows:

### PARTIES

1. Plaintiff Lon Fall (hereafter "Plaintiff"), is an individual residing in the City of Novi, Oakland County, Michigan.

1

2. Upon information and belief, Defendant, General Motors, LLC (hereafter "GM"), is a Delaware corporation duly authorized to do business in Michigan, with its principal place of business in Detroit, Wayne County, Michigan.

## JURISDICTION AND VENUE

3. This civil action is based upon violations of federal law and jurisdiction is therefore proper in this Honorable Court pursuant to 28 USC § 1331.

4. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5. Venue is proper and convenient in this judicial circuit pursuant to 28 U.S.C. § 1391.

## COMMON ALLEGATIONS

6. Plaintiff, Lon Fall (hereinafter, "FALL") was born in 1957.

7. FALL began working as an engineer for Defendant General Motors, LLC (hereinafter, "GM") on June 1, 1979 at age 22.

8. FALL routinely received positive performance reviews throughout his years of service with GM.

9. In or around May 2018, Aaron Dakin (hereinafter, "DAKIN") became FALL's manager.

10. Shortly thereafter, DAKIN made comments about FALL's age.

11. Specifically, DAKIN asked FALL how old he was and whether he planned on retiring.

12. DAKIN further recommended that FALL consider transferring to a different plant more suitable for someone of his age.

13. Thereafter, DAKIN and others working for him engaged in a pattern of discriminatory and harassing conduct toward FALL, including but not limited to, falsely criticizing FALL's performance, demoting him from 7th Level Senior Tech Support Engineer to a 6th Level Maintenance Group Leader, changing FALL's schedule to conflict with his religious practices, ordering him to undergo a health evaluation in order to continue his employment, and otherwise causing a hostile work environment calculated to compel FALL to resign his employment.

14. On or about August 12, 2019, FALL submitted documentation to GM that outlined some of the harassment he had been enduring from DAKIN and others.

15. On or about November 1, 2019, FALL reported DAKIN's harassing conduct via GM's Awareline reporting system.

16. Days later, after working for GM for over 40 years, on November 5, 2019, GM terminated FALL's employment.

17. GM did not provide an explanation for FALL's termination.

18. Upon information and belief, GM replaced FALL with an employee in her 20's.

19. GM terminated FALL and otherwise discriminated against him on the basis of his age.

3

20. GM terminated FALL and otherwise discriminated against him in retaliation for filing reports regarding harassing conduct by his managers and coworkers.

21. Plaintiff submitted a timely Charge of Discrimination to the Equal Employment Opportunity Commission (EEOC) for violations of the Age Discrimination in Employment Act (ADEA), and he has received the right-to-sue letter from the EEOC dated January 11, 2021.

## COUNT I
## AGE DISCRIMINATION
## UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

22. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

23. At all times relevant herein, Plaintiff was an "employee" and Defendant was his "employer" within the meaning of the Age Discrimination in Employment Act (ADEA), 29 USC §§621, *et seq*.

24. At all times relevant herein, under the ADEA, Plaintiff had a right to employment free from discrimination based on his age.

25. Defendant violated Plaintiff's rights under the ADEA by, including but not limited to, harassing him, treating him differently based on his age than similarly situated individuals, terminating his employment, replacing him with a younger employee and otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of employment because of his age.

4

26. Such violations were willful.

27. As a direct and proximate result of such violations of Plaintiff's rights by Defendant, Plaintiff has suffered damages, including but not limited to, loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with liquidated damages, interest, costs and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT II**
**AGE DISCRIMINATION UNDER THE**
**ELLIOTT-LARSEN CIVIL RIGHTS ACT**

28. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

29. At all times relevant herein, Plaintiff was an "employee" and Defendant was his "employer" within the meaning of Michigan's Elliot-Larsen Civil Rights Act (ELCRA), as amended.

30. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on his age.

31. Defendant violated Plaintiff's rights under the ELCRA by harassing him, treating him differently based on his age than similarly situated individuals, terminating his employment, replacing him with a younger employee and otherwise discriminating

5

against Plaintiff with respect to the terms, conditions and privileges of employment because of his age.

32. As a direct and proximate result of such violations of Plaintiff's rights by Defendant, Plaintiff has suffered damages, including but not limited to, loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT III
RETALIATION UNDER ADEA**

33. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

34. The ADEA prohibits an employer from retaliating against an employee who engages in protected activity.

35. Plaintiff engaged in protected activity by making complaints to Defendant about unlawful harassing conduct.

36. Defendant retaliated against Plaintiff by terminating him and/or otherwise harassing and discriminating against him for engaging in protected activity.

6

37. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages, including but not limited to, loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with liquidated damages, interest, costs and reasonable attorney fees.

## DEMAND FOR TRIAL BY JURY IS HEREBY MADE

## COUNT III
## RETALIATION UNDER ELCRA

38. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

39. The ELCRA prohibit an employer from retaliating against an employee who engages in protected activity.

40. Plaintiff engaged in protected activity by making complaints to Defendant about unlawful harassing discriminatory conduct.

41. Defendant retaliated against Plaintiff by terminating him and/or otherwise harassing and discriminating against him for engaging in protected activity.

42. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages, including but not limited to, loss of past and future income and

employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

           Respectfully submitted,

           **GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

BY:   /s/ *David A. Kotzian*
       David A. Kotzian (P38308)
       Gregory Jones (P75318)
       Attorneys for Plaintiff
       Northwestern Highway, Suite 425
       Farmington Hills, MI 48334
       (248) 865-0001; (248) 865-0002 (Fax)
       dkotzian@gmgmklaw.com
       gjones@gmgmklaw.com

Dated: March 15, 2021